UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

LUIS MANUEL CORTINA
ESTERIS,

                          Petitioner,

v.                                              No.  1:26-CV-00151-H

MARCELLO VILLEGAS,

                          Respondent.

## ORDER

Petitioner Luis Manuel Cortina Esteris is a native and citizen of Cuba.  Proceeding pro se, he filed a 28 U.S.C. § 2241 habeas petition to challenge his prolonged immigration detention in the Bluebonnet Detention Center.  Dkt. No. 1.  He asserts that he has been in custody since December 14, 2025, when U.S. Immigration and Customs Enforcement (ICE) re-detained him to effectuate his 2013 removal order.  *Id.*  He seeks immediate release on supervision.

Respondent filed a response and relevant records, arguing that the Court should deny the petition because Esteris fails to demonstrate that his continued detention violates the Constitution or laws of the United States.  Dkt. Nos. 7, 8.  In particular, Respondent contends that the petition is premature because, when Esteris filed it, the presumptively reasonable six-month period of detention to effectuate his removal, as established by *Zadvydas v. Davis*, 533 U.S. 678 (2001), had not yet expired.  Additionally, Respondent argues that Esteris's continued refusal to cooperate with ICE and comply with its efforts to remove him to Cuba, Mexico, or a safe third county tolls the removal period.

Esteris filed a reply, insisting that his detention is unlawful because ICE did not comply with its own regulatory requirements before re-detaining him. Dkt. No. 9. But Esteris does not refute Respondent's contention that his petition is premature or that he is refusing to comply with ICE's efforts to remove him from the United States.

The Court has reviewed the parties' pleadings, relevant records, and applicable law. For the reasons stated in Respondent's response, the Court concludes that Esteris fails to demonstrate that his detention is unlawful and, in turn, fails to demonstrate that he is entitled to habeas relief. Additionally, although not addressed by Respondent, the Court concludes that Esteris's claim that his detention is rendered unlawful by virtue of ICE's purported regulatory noncompliance is not cognizable on habeas review. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL1062625, at *6 (N.D. Tex. April 13, 2026) (citations omitted).

Esteris's petition is therefore denied and dismissed.

So ordered.

The Court will enter judgment accordingly.

Dated June 2, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge